MILWAUKEE LUMBER COMPANY, Appellant, vs. CITY OF MILWAUKEE and another, imp., Respondents.

*November 15, 1909—February 22, 1910.*

*Liens for materials, etc.: Subcontractors: City of Milwaukee: Statute construed.*

Where a subcontractor for work for the city of Milwaukee is not an assignee of the principal contractor and has no right to look to the city for his pay, one furnishing materials to such subcontractor is not entitled to a lien under ch. 261, Laws of 1882, upon any sum due from the city to the principal contractor or upon any certificates of indebtedness or city orders issued to such principal contractor.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to recover indebtedness to plaintiff of defendant N. Schneider, on account of material furnished the latter by the former in executing a contract made by Schneider to perform for the *Strobel Steel Construction Company* a part of its contract with defendant city, represented by its board of public works, and, under ch. 261, Laws of 1882, to obtain a lien for the amount of such indebtedness on any sum due the principal contractor from the city and on any evidence of indebtedness issued therefor to it, and, in general, to enforce plaintiff's claim out of money earned by such principal under its said contract with the city. Such principal and the city were made defendants with Schneider.

Issues were raised as to whether, under the law aforesaid, plaintiff, as a creditor of a subcontractor, could enforce his claim against dues from the city to the principal contractor. Indebtedness to plaintiff from the subcontractor of $5,329.21, and all conditions requisite to enforcement thereof under the law of 1882, were established, if the claim be of the class provided for by such act.

The court made findings, embodying the Schneider contract, showing that it was a mere subletting of part of the work covered by the principal contract, and. also embodying the principal contract, which prohibited assigning or subletting the whole or any part thereof without consent of the board of public works, and was expressly made subject to the law of 1882 aforesaid. Proof was not made that the subletting was consented to by the board, nor that the contract with him was expressly made subject to the principal contract as to the law of 1882, nor that it gave Schneider a right to resort to any one for his pay except the construction company.

In this situation the court held, as matter of law, that Schneider was not an assignee of the construction company

nor a contractor with the city in any sense; that he had no right to look to any one for his pay except the construction company and, therefore, that plaintiff's claim was not within the law of 1882. Judgment was rendered for defendants dismissing the action, and with costs in favor of the construction company.

Plaintiff appealed as regards the judgment in favor of the city and the construction company, but not as to the debtor Schneider.

For the appellant there were briefs by *Boden & Beuscher,* and oral argument by *F. X. Boden.*

For the respondent *Strobel Steel Construction Company* there was a brief by *Winkler, Flanders, Bottum & Fawsett,* attorneys, and *James G. Flanders,* of counsel, and oral argument by *C. E. Monroe.*

The following opinion was filed December 7, 1909:

MARSHALL, J. We cannot perceive any escape from the conclusion of law upon which the judgment is grounded. The act of 1882 [Laws of 1882, ch. 261] is so plain as not to be open to construction. Here is the language:

"Any person . . . that shall hereafter furnish supplies or materials for the use of the contractor or contractors or of his or their assigns, in the performance of any contract made with the board of public works of the city of *Milwaukee,* in the name of said city, or that shall do any labor for such contractor or contractors or for his or their assigns in the performance of any such contracts, shall have a lien," etc., upon any certificates of such board and upon any city orders of said city to be issued and delivered to such contractor or contractors or his or their assigns under such contract.

Thus it will be seen that, as a condition precedent to there being a lien, there must be an indebtedness of the city and certificates of the board of public works or orders issuable to the creditor. The agreement between the principal contractor and Schneider did not contemplate that. The latter was com-

petent to look to the former, only, for pay. Certificates of
indebtedness or city orders were issuable, only, to the debtors
of Schneider. That the law has no application to such a case
as this, is too plain for reasonable controversy

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied February 22, 1910.